Peter Scoolidge
Margaret Scoolidge
SCOOLIDGE LLP
315 W. 36th Street
New York, NY 10018
(212) 913-9455
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| INTERNATIONAL COUNCIL OF SHOPPING CENTERS, INC., an Illinois not-for-profit corporation,<br><br>*Plaintiff,*<br><br>v.<br><br>GLOBAL INFOTECH LLC, a Georgia limited liability corporation d/b/a DELTA INFOMATIX,<br><br>*Defendant*. | Case Number:<br><br>**COMPLAINT**<br><br>**ECF Case**<br>**Jury Trial Demanded** |

Plaintiff International Council of Shopping Centers, Inc. ("ICSC"), by and through its attorneys Scoolidge LLP, files this Complaint and alleges against Defendant as follows:

## NATURE OF THE ACTION

1. ICSC is a global trade organization that works to further the interests of the shopping center industry. ICSC has registered various trademarks in the United States on, among others, the word mark "ICSC." ICSC hosts conferences and educational seminars domestically and worldwide and uses its marks in materials that advertise ICSC events. ICSC's valuable brand recognition has resulted in misappropriation of ICSC's marks by third parties seeking to get the attention of consumers with sales solicitations. In particular, several

enterprises, including Defendant Global Infotech LLC ("Defendant")[1], attempt to sell lists of ICSC event attendees to ICSC members and the general public by using ICSC's trademarks in marketing emails.  Defendant became an ICSC member in order to access membership and event attendee information and then used the contacts to inundate ICSC members with spam emails.  Defendant's conduct violates the Lanham Act and ICSC's website and membership terms and conditions, among others.  ICSC now brings this action for damages and injunctive relief.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 2201 because this case involves an actual controversy arising under the Lanham Act, 15 U.S.C. §1051, et seq.  The Court has supplemental jurisdiction over ICSC's state law claims under 28 U.S.C. § 1367.

3.      Venue is proper in this District under 28 U.S.C. §1391(b) because Defendants reside in and/or may be found in this judicial district, or a substantial part of the events or omissions giving rise to this action occurred in this judicial district, or a substantial part of the property that is the subject of this action is situated in this judicial district.

## PARTIES

4.      Plaintiff ICSC is an Illinois not-for-profit corporation with a principal place of business in New York County in the City and State of New York.

5.      Defendant is a Georgia limited liability company with a principal place of business in California, which regularly transacts business in this district.

## FACTUAL BACKGROUND

6.      ICSC is the world's largest trade organization that represents the interests of businesses and individuals involved in the shopping center industry.  ICSC has over 70,000

---

[1] Defendant Global Infotech LLC, a Georgia limited liability company, has been doing business as Delta Infomatix.  All references herein to "Defendant" include Global Infotech LLC and Delta Infomatix.

members in over 100 countries and works to advance the shopping center industry through various means, including providing educational programs and holding meetings and conferences.

7. ICSC also hosts numerous other conferences and events in the United States and internationally, including events within this judicial district. For example, ICSC holds an annual convention on the west coast of the United States known as Western Conference & Deal Making. Western Conference & Deal Making draws over 4,000 attendees comprised of real estate and other professionals involved in the shopping center business.

8. ICSC markets Western Conference & Deal Making, and other events through its website and through emails to its member network and prior event attendees. ICSC uses the "ICSC" mark for the purposes of marketing the events and its other services.

9. The "ICSC" mark is strongly and exclusively associated in the minds of consumers with ICSC and its goods and services.

10. Third parties have sought to capitalize on ICSC's brand recognition by contacting ICSC members and event attendees with sales solicitations. One of these schemes involves spamming ICSC members and event attendees with emails offering to sell lists of ICSC event attendees and exhibitors, which the buyer would presumably use to market other goods and services to the attendees and exhibitors.

11. The emails sent by third parties to ICSC members and attendees generally use the term "ICSC" in the body and subject lines. The third parties are not authorized by ICSC to use "ICSC," which is a registered trademark in the United States under Registration No. 2,893,230.

12. The registration is valid and enforceable. ICSC has used the "ICSC" mark in commerce since 1978 and the mark is registered in Classes 9, 16, 35, and 41. ICSC has consistently used this mark since its date of first use in the advertising, promotion, sale, and distribution of ICSC's goods and services.

13. ICSC regularly receives inquiries from its members and/or event attendees who receive spam solicitations to seek clarification about whether ICSC is affiliated with the

spammers or has endorsed their sale of marketing lists. This confusion among ICSC's members and event attendees results from the unauthorized use of ICSC's trademark in the spam emails.

14. On June 12, 2018, "Kathy Williams," sent an email offering to sell a Western Conference & Deal Making attendee list. The email's subject line read "Attendees list of ICSC Western Conference & Deal Making – 2018."

15. Further investigation revealed that Defendant was using "Kathy Williams" to generate leads, which were followed up on by an agent or employee of Defendant identifying himself as "Tom Parker." "Tom Parker" continued using the same email thread begun by "Kathy Williams" to sell a purported list of ICSC event attendees, which included the "ICSC" trademark.

16. Upon information and belief, "Kathy Williams" and "Tom Parker" are false identities being employed by Defendant to conduct business.

17. Upon information and belief, Defendant, either directly or through employees or agents, registered for an ICSC membership in order to access the ICSC member directory. The directory can only be accessed by ICSC members with a user name and password. Defendant then scraped the directory for member contact information, which it used to send spam emails to ICSC members offering to sell ICSC member and/or event attendee lists.

18. ICSC's online membership registration process requires applicants to agree to ICSC's Terms and Conditions for Membership, which in turn bind the members to "observe and abide by these ICSC Membership Terms and Conditions and by such additional terms or conditions as amended by ICSC from time to time in accordance with ICSC's Bylaws (the 'Agreement')." The terms are referenced and incorporated by language appearing on the membership application.

19. The ICSC Membership Terms and Conditions require members to refrain from using "the ICSC name in any manner that implies ICSC approval, endorsement, or recommendation, including without limitation with respect to any content, company, product, or

service."  Further, "[t]he ICSC name and logo may not be used in any other manner without the prior written consent of ICSC."

20. The Membership Terms and Conditions also provide: "The ICSC Membership Directory is proprietary to ICSC and made available to Members as a networking resource. You are prohibited from copying, reproducing, selling or distributing the ICSC Membership Directory in whole or part."

21. Upon information and belief, Defendant had actual or constructive notice of these terms through language on the membership application that referenced the terms. Further, Defendant is in the business of collecting and selling data, and is thus sophisticated on the subject of website content and the presence of terms of service that generally appear on all websites.

22. Defendant breached the Membership Terms and Conditions by using "ICSC" in the subject lines and bodies of its emails in a manner that implied ICSC's approval, endorsement, or recommendation.  Indeed, many ICSC members have contacted ICSC to ask if emails identical to those sent by Defendant had resulted from ICSC selling member data to third parties.  Defendant further breached the Membership Terms and Conditions by using the "ICSC" mark "in any other manner without the prior written consent of ICSC."

23. Defendant also breached the Membership Terms and Conditions by copying, reproducing, selling or distributing the ICSC Membership Directory in whole or part when it copied the Directory to solicit members and/or to sell Directory data to members or third parties.

24. In addition, and/or alternatively, upon information and belief, Defendant, either directly or through employees or agents, registered for ICSC events in order to access event attendee lists.  Event attendee lists can only be accessed by registered attendees with a user name and password.  Defendant then scraped the attendee lists for attendee contact information, which it used to send spam emails to attendees offering to sell ICSC member and/or event attendee lists.

25. ICSC's event registration process entails the explicit referencing and incorporation of the ICSC's Terms, Conditions and Rules for Event Registrants through a message that appears on the site during registration. Those terms in turn bind the registrants to "observe and abide by these Terms and Conditions and Rules and by such additional terms or conditions made by ICSC or its affiliates and communicated to the Registrant from time to time which are hereby incorporated into this Agreement."

26. Upon information and belief, Defendant had actual or constructive notice of these terms through language referencing and incorporating the terms on the registration form. These terms, through the language quoted above – "such additional terms or conditions made by ICSC or its affiliate and communicated to the Registrant from time to time" – also incorporate by reference ICSC's General Website Terms and Conditions, which are communicated to Registrants on a page hyperlinked at the bottom of ICSC's home page.

27. As discussed further below, Defendant also breached the General Website Terms and Conditions by copying, reproducing, selling or distributing the ICSC event registrant data using the "ICSC" mark.

28. In addition, and/or alternatively, upon information and belief, Defendant, either directly or through employees or agents, accessed event attendee lists and/or the membership directory without registering for an ICSC event or membership. Defendant then scraped the attendee lists and/or membership directory for attendee contact information, which it used to send spam emails to attendees and/or members offering to sell ICSC member or event attendee lists.

29. ICSC's homepage displays a hyperlink at the bottom, which leads to a page that contains ICSC's General Website Terms and Conditions, which in turn provide: "By accessing and using the Web Site, User accepts and agrees to be bound, without modification, limitation or qualification, by these Terms." In the following paragraph: "YOUR USE OF THE WEB SITE CONSTITUTES YOUR AGREEMENT TO ALL TERMS, CONDITIONS, AND NOTICES CONTAINED HEREIN OR OTHERWISE POSTED ON THE WEB SITE."

30.     The General Website Terms and Conditions also provide: "The trademarks, logos and service marks (the 'Marks') displayed on the Web Site are owned by ICSC or third parties. User is prohibited from using those Marks without the express, written permission of ICSC or such third party."

31.     The General Website Terms and Conditions also contain a forum selection and choice of law clause:

> All legal issues arising from or related to the use of the Web Site shall be construed in accordance with and determined by the laws of the State of New York applicable to contracts entered into and performed within the State of New York, without respect to its conflict of laws principles. By using the Web Site, User <u>agrees that the exclusive forum for any claims or causes of action arising out of User's use of the Web Site shall be either any state court for or within New York County in the State of New York and the United States District Court for the Southern District of New York</u>.  (Emphasis added).

32.     Upon information and belief, Defendant had actual or constructive notice of these terms.  Upon information and belief, Defendant actually viewed the General Website Terms and Conditions prior to scraping data from ICSC's website.  Alternatively, Defendant was on constructive notice of the terms by virtue of its familiarity with the data business and the fact that most commercial websites contain terms of service.  Alternatively, Defendant was on constructive notice of the terms by virtue of the incorporation thereof by reference in the Terms and Conditions for Membership and/or the Terms, Conditions and Rules for Event Registrants.

33.     Defendant breached the General Website Terms and Conditions by using "ICSC" in the subject lines and bodies of their emails without ICSC's prior written approval.

34.     Upon information and belief, Defendant accessed New York-based ICSC's website to scrape the contact information for ICSC members and event attendees, which data was in turn used in Defendant's activities that infringe ICSC's mark.

35.     Upon information and belief, Defendant transacted business in New York by registering to become ICSC members and/or to attend ICSC events.

36. Upon information and belief, Defendant has engaged in a systematic course of conduct whereby it caused emails to be sent to ICSC members and event attendees, which emails infringed the "ICSC" trademark, and were/are regularly sent to recipients within this judicial district. Upon information and belief, Defendant sent infringing emails to as many ICSC members and event attendees as possible, including the hundreds of ICSC members and event attendees located in New York.

37. Upon information and belief, a substantial portion of Defendant's products are sold in New York and are comprised of lists of ICSC members and/or event attendees that are sold with infringing solicitations. Defendant is selling or causing to be sold marketing contact lists to buyers located within this judicial district, having infringed the "ICSC" trademark.

38. Upon information and belief, Defendant operates an offshore data mining business that sells inferior data products, including marketing contact lists, to primarily U.S. buyers and is an undercapitalized entity to avoid judgments by dissatisfied buyers and U.S. regulators.

39. Upon information and belief, Defendant has used agents and/or employees to carry out the acts of infringement described above, has an apparent or actual partnership with such agents and/or employees, such agents and/or employees have authority to bind Defendant to contracts with third-parties, and/or exercise joint ownership and/or control over the infringing products. Upon information and belief, Defendant has shared its profits earned through the above-described infringing activities with the agents and/or employees.

40. In undertaking the conduct described above, Defendant has used terms that are identical and/or confusingly similar to the ICSC's mark in solicitations.

41. Upon information and belief, Defendant has used and is using the "ICSC" mark in its email solicitations with full knowledge of ICSC's prior and exclusive rights in that mark and in an effort to misappropriate the goodwill, reputation, and fame of the mark.

Defendant's use of the mark has caused actual confusion and/or the likelihood of confusion among consumers.

42. ICSC has not authorized Defendant to use the "ICSC" mark.

43. Defendant's use of "ICSC" is not necessary to describe Defendant's good or services, which could just as easily be described as, e.g., "Canadian Convention Attendee List." Defendant's use of the "ICSC" mark creates a false affiliation with ICSC in the minds of consumers, as evidenced by the actual confusion reported by ICSC members.

## FIRST CAUSE OF ACTION
### (Trademark Infringement Under Section 32(1) of the Lanham Act)

44. ICSC repeats and re-alleges all paragraphs above as though fully set forth herein.

45. Defendant's unauthorized use in commerce of the "ICSC" mark as alleged herein is a use in commerce of a reproduction, copy, and colorable imitation of the federally registered "ICSC" mark in connection with the sale, offering for sale, distribution, or advertising of goods on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

46. Defendant's use of the "ICSC" mark creates the likelihood that members of the relevant public will be confused into mistakenly believing that the services and/or products sold under the "ICSC" mark are in some manner associated or connected with ICSC and its "ICSC" mark and products and/or services sold under the "ICSC" mark.

47. Defendant's conduct complained of herein was and is intentional and willful. Defendant's acts complained of herein have damaged ICSC and, unless enjoined, will continue to damage and cause irreparable injury to ICSC's reputation and goodwill. ICSC has no adequate remedy at law.

## SECOND CAUSE OF ACTION
### (False Designation of Origin and False Representations in Commerce Under Section 32(1) of the Lanham Act)

Case 1:18-cv-08856-KPF Document 1 Filed 09/27/18 Page 10 of 15

48. ICSC repeats and re-alleges all paragraphs above as though fully set forth herein.

49. Defendant's use of the "ICSC" mark as alleged herein constitutes the use of false designations of origin in commerce and false representations in commerce that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with ICSC or its "ICSC" mark, or as to the origin, sponsorship, or approval of Defendant's goods.

50. Defendant's conduct complained of herein was and is intentional and willful. Defendant's acts complained of herein have damaged ICSC and, unless enjoined, will continue to damage and cause irreparable injury to ICSC's reputation and goodwill. ICSC has no adequate remedy at law.

### THIRD CAUSE OF ACTION
### (Unfair Competition Under Section 43(a) of the Lanham Act)

51. ICSC repeats and re-alleges all paragraphs above as though fully set forth herein.

52. Defendant's use of the "ICSC" mark constitutes unfair competition in that such activities create the likelihood that members of the relevant public will be confused into mistakenly believing that this use and Defendant and its products and/or services are in some manner associated or connected with ICSC, its "ICSC" mark, and products and/or services sold under the "ICSC" mark.

53. Defendant's conduct complained of herein was and is intentional and willful. Defendant's acts complained of herein have damaged ICSC and, unless enjoined, will continue to damage and cause irreparable injury to ICSC's reputation and goodwill. ICSC has no adequate remedy at law.

### FOURTH CAUSE OF ACTION
### (Common Law Unfair Competition and Trademark Infringement)

54. ICSC repeats and re-alleges all paragraphs above as though fully set forth herein.

55. Defendant's unlawful conduct as alleged herein has violated and infringed ICSC's common law rights in its "ICSC" mark and has otherwise competed unfairly with ICSC in violation of the common law of the State of New York.

56. Defendant's unauthorized use of ICSC's mark has caused confusion with ICSC's activities in the minds of consumers, and/or is likely to cause confusion.

57. Defendant has acted unfairly in tricking consumers into believing that Defendant is affiliated with ICSC or that ICSC has endorsed Defendant's services and/or products.  Upon information and belief, Defendant has also acted unfairly in selling consumers a false list of contact information.

58. ICSC has full common law rights in the "ICSC" mark in addition to its rights under the Lanham Act.

59. Defendant has infringed ICSC's common law trademark rights under New York law.

60. Defendant's conduct complained of herein was and is intentional and willful. Defendant's acts complained of herein have damaged ICSC and, unless enjoined, will continue to damage and cause irreparable injury to ICSC's reputation and goodwill. ICSC has no adequate remedy at law.

### FIFTH CAUSE OF ACTION
### (Unjust Enrichment)

61. ICSC repeats and re-alleges all paragraphs above as though fully set forth herein.

62. Defendant has benefited by using the goodwill of the "ICSC" mark to increase its sales of purported contact lists.

63. Defendant's benefit in this regard was at Plaintiff's expense because Plaintiff is the only one entitled to capitalize on the goodwill of the "ICSC" mark.

64. Equity and good conscience require that Plaintiff, which first used the "ICSC" mark and has expended substantial resources promoting and developing the brands, be compensated for Defendant's use thereof.

65. Defendant also benefited by using ICSC's contact lists for the purpose of selling good and/or services to ICSC members and event attendees.

66. Defendant's benefit in that regard was at Plaintiff's expense because Plaintiff expended substantial resources in developing its member base and marketing its events.

67. Equity and good conscience require that Plaintiff be compensated for Defendant's use of its contact information.

### SIXTH CAUSE OF ACTION
### (Breach of Contract)

68. ICSC repeats and re-alleges all paragraphs above as though fully set forth herein.

69. ICSC's terms and conditions for members, event registrants, and website users constitute valid and binding contracts.  The terms for members and event registrants were assented to as part of the registration process, which included an offer of registration in exchange for payment, an acceptance by Defendant when it completed the registration process and paid, and consideration going both ways.  Website users were offered access to ICSC's website in exchange for agreeing to be bound by the website terms of use, which offer was accepted by the users' accessing the site.  The users gave consideration by agreeing to be bound to the terms of service and ICSC gave consideration be allowing users to access the site.

70. ICSC performed all of its obligations under the agreements by, among others, providing membership and/or event services, and by providing Defendant access to its site.  As set forth above, Defendant breached these agreements through its activities in scraping ICSC's member and event registrant contact data and using ICSC's mark without authorization.

71. ICSC has suffered damages as a result of Defendant's breach of the various agreements, including but not limited to diminution of the value of its brand.

## PRAYER FOR RELIEF

**WHEREFORE**, ICSC prays:

a) For a judgment that Defendant: (i) has violated Section 32(1) of the Lanham Act; (ii) has violated Section 43(a) of the Lanham Act; (iii) has engaged in unfair competition and infringement of ICSC's common law trademark rights; (iv) has been unjustly enriched; and (v) has breached various agreements between the parties;

b) For temporary, preliminary and permanent injunctions, restraining and enjoining the Defendant, and its respective agents, employees, representatives, servants, successors, assigns, and all those acting under its control or the control of any of the foregoing persons and/or on their behalf and/or in concert with them, from continuing to use the "ICSC" mark, and from otherwise unfairly competing with ICSC;

c) That Defendant be required to pay ICSC such damages as ICSC has sustained by reason of the aforementioned violations to the full extent provided for by Sections 32(1) and 43(a) of the Lanham Act, and that those damages be trebled pursuant to 15 U.S.C. §1117 in view of the willfulness of Defendant's actions;

d) Directing Defendant or its attorneys to file with this Court and serve upon ICSC's counsel within 30 days of entry of judgment a report in writing under oath setting forth in detail the manner and form in which the Defendant has complied with the requirements of the injunction and order;

e) That ICSC be awarded all of ICSC's costs in this action, including ICSC's reasonable attorneys' fees and expenses;

f) That ICSC be awarded such other and further relief as may be deemed just and proper by this Court.

- 14 -

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues that may be tried to a jury.

Date: September 27, 2018                          Respectfully submitted,

                                                  /s/ *Peter Scoolidge*
                                                  Peter Scoolidge (PS7107)
                                                  *Peter@ScoolidgeLLP.com*
                                                  Margaret Scoolidge (MS4557)
                                                  *Margaret@ScoolidgeLLP.com*
                                                  SCOOLIDGE LLP
                                                  315 West 36th Street
                                                  New York, NY  10018
                                                  Tel:  (212) 913-9455
                                                  Fax: (866) 344-5070

                                                  *Attorneys for Plaintiff.*